# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

Appellant's Response (Rule 59)

**Case No.** 24-1094

**Jurisdiction Court**: 4th Circuit Court of Appeals of United States

**District court No.** 1:18-cv-01048-ELH

**Date(s) of order or orders for which review is sought** - <u>30 November 2018</u>

**Issues for review**: stare decisis – civil contempt by judge – unconstitutional acts

RECEIVED 2024 APR -3 P 1:55 U.S. COURT OF APPEALS FOURTH CIRCUIT

Rule 59 – New Trial, Altering or Amending a Judgment. Rule 59 (a)(1) states that the court may, on motion, grant a new trial on all or some of the issues, and to any party, as follows: Rule 59 (a)(1) (2) after a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment. Rule 59 (a)(1)(2)(b) has 28 days to file a new motion.

Legal Issue: Whether or not appellant failed to file a timely appeal with the court?

No, appellant Phillip O'Briant did not fail to file a timely appeal with the court. However, he was unlawfully denied the right to file papers, appeals, and present evidence to prove his claims with the court. Appellant did file an appeal with the Court of Appeals (4th Cir.) on 23 January 2024. The court dismissed appellant's appeal on 27 March 2024. The court's reason is that appellant failed to file a timely appeal with the court. Appellant O'Briant disagrees with the court and has the right to refute the false claim. In addition, appellant has evidence showing he was denied due process of law by the district court for Maryland, U.S. Court of Appeals for the 4th Circuit, and the Supreme Court.

First off, the 4th Circuit ordered judge Hollander to provide a decision for appellant's section 1981 claim on 30 November 2018. Judge Hollander did not follow the order from the 4th Circuit and closed appellant's case on 7 July 2020. Judge Hollander violated Art. IV, Section 23 of the Maryland Constitution when she closed appellant's case. Article IV, Section 23 states that judges of the respective Circuit Courts of Maryland shall render their decisions, in all cases argued before them, or submitted for their judgment, within two months after the same shall have been so argued or committed. Judge Hollander reopened appellant's case on 4 December 2018. According to Art. IV, Sec. 23, judge Hollander had until the 5th of February 2019 to provide her decision for appellant's section 1981 claim. Judge Hollander never provided her decision and closed appellant's case, which is a federal crime.

Secondly, appellant was blocked from filing papers, appeals, and/or providing evidence to the District Court of Maryland, and the 4th Circuit. On the 27th day of November 2018, appellant O'Briant filed an appeal with the 4th Circuit (**See Exhibit 1**). Appellant was appealing the pre-filing injunction ordered against him by district judge Richard D. Bennett (**See Exhibit 2**). The pre-filing injunction was used as a pretext to deny appellant his due process of law right in the 5th Amendment of the U.S. Constitution. Furthermore, appellant's 14th Amendment was violated because the failed to

provide appellant with the legal protection needed to file his papers, appeals, and present evidence to the court.

Judge Bennett falsely accused appellant of being a vexatious repetitive litigant that filed frivolous lawsuits with the court in his order dated 13 November 2018. He provided no evidence that showed appellant filed frivolous lawsuits. Judge Bennett ordered the court's Clerk to not accept complaints or other papers submitted by appellant **(See Exhibit 2)**.

Somehow, the 4th Circuit Court of Appeals agreed with judge Bennett's erroneous order based on lies. On 3 May 2019, the 4th Circuit affirmed Judge Bennett's erroneous order denying appellant due process of law in the 5th Amendment U.S. Constitution **(See Exhibit 3)**. The District Court for Maryland and the 4th Circuit both stopped appellant from filing papers, appeals, and providing evidence to their courts, which explains the delay of the appeal. Also, appellant filed a writ of mandamus on 1 May 2019 regarding judge Hollander's delayed decision under Art. IV, Section 23, Maryland Constitution **(See Exhibit 4)**. Appellant's right to file papers, appeals, or provide evidence was even denied by two supreme court Clerk's **(See Exhibit 5)**.

The appeals court dismissed appellant's appeal do to failure to file it in a timely manner under Fed. R. App. P. 4(a)(1)(A). However, the court must now consider Judge Hollander's violation of Art. IV, Section 23 of the Maryland Constitution when she failed to provide a decision for appellant's section 1981 claim within 60 days. She was ordered by this court, on 30 November 2018, to provide a decision for appellant's claim. Instead, judge Hollander disregarded the order and closed appellant's case. The 4th Circuit must also consider the fact that the pre-filing injunction against appellant denied him due process of the law in the 5th Amendment to file papers, appeals, and present evidence to the court.

Lastly, the 4th Circuit affirmed judge Bennett's false claim of appellant filing frivolous lawsuits. The court must provide appellant equal protection of the law in the 14th Amendment, and due process of the law in the 5th Amendment of the U.S. Constitution. Appellant demands for the court reopen his appeal on the fact that judge Hollander and judge Richard Bennett criminally conspired to stop appellant from filing papers, appeals, and providing evidence to the court. Federal law 16 Am Jur 2d, Sec 177 late 2d, Sec 256 states that a void act cannot be legally consistent with a valid one. The 4th Circuit ordered for judge Hollander to provide a decision for appellant's section 1981 claim. Judge Hollander had 60 days to provide an answer under Article IV, Section 23 of the Md. Constitution. She never made her decision and closed the case maliciously knowing the pre-filing injunction would prevent appellant from filing papers, appeals, and/or present evidence to support his claims.

Date: 1 April 2024

Respectfully submitted,

**Other appeals filed with the 4th Circuit.**

**Case Name:** O'Briant v. Hogan, 18-2443

**Decision:** Affirmed lower court's decision

**Case Name:** O'Briant v. Rhodes, et al., JFM-17-1050

**Decision:** Affirmed lower court's decision

*[signature]*

Phillip O'Briant

6209 Pilgrim Road

Baltimore, Maryland 21224

443.314.2958

obriantphil@gmail.com

## Certificate of Service

On the 1ˢᵗ day of April 2024, appellant Phillip O'Briant mailed his response under Rule 59, U.S. postal prepaid to:

Nwamaka Anowi, Clerk

U.S. Court of Appeals for the Fourth Circuit

1100 East Main Street, Suite 501

Richmond, Virginia 23219

_____

Phillip O'Briant

6209 Pilgrim Road

Baltimore, Maryland 21214

443.314.2958

obriantphil@gmail.com

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

PHILLIP O'BRIANT,

Petitioner,

v.

RICHARD D. BENNETT, U.S. District Judge,

Respondent.

## MOTION FOR APPEAL

On 24 October 2018, U.S. District Judge Richard D. Bennett (Respondent) of the Maryland District Court, ordered Petitioner Phillip O'Briant, a self-represented litigant, to show cause for why the court should not impose a pre-filing injunction to limit him access to courts seeking remedy for harm and injury from defendants without leave of the court for the following reason(s):

a. Since July of 2016, O'Briant, a resident of Baltimore, Maryland has filed 16 separate civil actions;
b. O'Briant's claims seek relief against persons immune from lawsuit such as the members of the judiciary;
c. Previous actions for damages against various individuals and institutions have been dismissed; and
d. O'Briant's claims are not submitted on a good faith basis, are frivolous, and have caused expenditure of considerable resources by court house personnel in deciphering the claims raised and processing the papers filed.

## STANDARD OF REVIEW

"The All Writs Act... grants federal courts the authority [to impose pre-filing injunctions] to limit access to the courts by vexatious and repetitive litigants." Cromer v. Kraft Foods No. Am., Inc., 390 F.3d 812, 814 (4th Cir. 2004); see 28 U.S.C. S 165(a). A court is to impose a pre-filing injunction "sparingly," but it may be warranted in doing so under "exigent circumstances, such as a litigant's continuous abuse of

1

the judicial process by filing meritless and repetitive actions." Cromer, 390 F.3d at 817-18 (citation and internal quotation marks omitted).

The imposition of the pre-filing injunction, which we review for abuse of discretion, De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990), presents more difficult questions. Undoubtedly, the All Writs Act, 28 U.S.C. 1651(a)(2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants like Cromer. E.g., In re Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir.1989); see also 18 Wright, Miller & Cooper, Federal Practice and Procedure 4405, at 117-18 (2d ed. 2002)("Basic power to protect the preclusive effects of a federal judgement by injunction may well inhere in the very existence of federal courts. If a more definite grant of general authority is needed, it can be found in the All Writs Act.").

Such a drastic remedy must be used sparingly, however, consistent with constitutional guarantees of due process of law and access to the courts. U.S. Const. amend.XIV, Sec.1. These rights are longstanding and of fundamental importance in our legal system. **"The due process clause requires that every man shall have the protection of his day in court."** Truax v. Corrigan, 257 U.S. 312, 332, 42 S.Ct. 124, 66 L.Ed. 254 (1921). And, **the Supreme Court has explained that the particular constitutional protection afforded by access to the courts is "the right conservative of all other rights, and lies at the foundation of orderly government."** Chambers v. Baltimore & Ohio R.R. Co., 207 U.S. 142, 148, 28 S.Ct. 34, 52 L.Ed. 143 (1907).

Thus, a judge should not in any way limit a litigant's access to the courts absent "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). Indeed, **"use of such measures against a pro se plaintiff should be approached with particular caution"** and should **"remain very much the exception to the general rule of free access to the courts."** Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980).

In determining whether a pre-filing injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filing's; and (4) the adequacy of alternative sanctions. See, e.g., Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986); Green v. Warden, United States Penitentiary, 699 F.2D 364, 368-69, 370 n.8 (7th Cir. 1983); Pavilonis, 626 F.2d at 1078-79.

A court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." In re General Motors Corp., 61 F.3d 256, 258 (4th Cir.1995)(internal quotation marks and citation omitted). Imposition of civil contempt sanctions requires fewer procedural protections than those necessary for the imposition of criminal contempt sanctions. See Bagwell, 512 U.S. 821, 830-31, 114 S.Ct. 2552. For example, unlike a finding of criminal contempt, which must rest on proof of guilt beyond a reasonable doubt, a finding of civil contempt can be established by "clear and convincing evidence." See Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000); 11A Wright, Miller & Kane, Federal Practice and Procedure 2960, at 380 (2d guaranteed in civil contempt proceedings.

But "[a] district court's description of a contempt sanction as either civil or criminal is not determinative and must be scrutinized independently by the appellate court." Buffington v. Baltimore County, 913 F.2d 113, 133 (4th Cir. 1990).

### SECTION 1983 - QUALIFIED IMMUNITY

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. "Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The analysis of qualified immunity involves

3

two questions. One question is whether "the officer's conduct violated a constitutional right was "clearly established," and in particular, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Id. at 201-02. It will often be useful for the court to address these questions in the order just stated, but on some occasions it will be preferable to adopt a different ordering; the court has discretion on this matter. See Pearson v. Callahan, 129 S. Ct. 808, 818-21 (2009); Reichie v. Howards, 132 S. Ct. 2088, 2093 (2012); Plumhoff v Rickard, 134 S. Ct. 2012 (2014)(addressing whether the officer's conduct violated the Fourth Amendment and explaining that doing so would be beneficial in developing constitutional precedent in an area that courts typically consider in cases in which the defendant asserts a qualified immunity defense).

Question 1: Did Judge Bennett, as an Officer of the U.S. District Court, violate plaintiff's clearly established constitutional rights?

Plaintiff believes that Judge Bennett did violate his clearly established rights to due process and equal protection of law by imposing a pre-filing injunction that prevents him from filing complaints in the U.S. District Court.

Question 2: Would it be clear to an reasonable Officer that Judge Bennett's conduct was unlawful against plaintiff in the situation he confronted?

Plaintiff believes that it would be clear to a reasonable Officer that Judge Bennett's gross negligence and ill-will intent against Mr. O'Briant was unlawful.

"Complaints are everywhere heard from our most considerate and virtuous citizens, equally the friends of public and private faith, and of public and personal liberty, that our governments are too unstable; that the public good is disregarded in the conflicts of rival parties; and that measures are too often decided, not according to the rules of justice, and the rights of the minor party, but by the superior force of an interested and overbearing majority. However anxiously we may wish

4

that these complaints had no foundation, the evidence of known facts will not permit us to deny that they are in some degree true. James Madison, The Federalist Papers on the New Constitution (1788) Number X, pgs. 42-43.

## CONCLUSION

Plaintiff does not agree with Judge Bennett's erroneous judgement to order a pre-filing injunction that is clearly based on bald assertions. The clear and convincing evidence submitted by plaintiff, with each complaint, filed in the U.S. District Court, confirms that Judge Bennett disregarded the evidence intentionally, which allowed for him to abuse his judicial power to deprive plaintiff of due process and equal protection of law -- denying him access to the courts, and dismissing most... if not all, of his complaints. Furthermore, Judge Bennett's pre-filing injunction order is not tailored or narrowed to any specific case. Rather, it prevents plaintiff free access to the courts for the future filing of other cases in general. This is a violation to his constitutional rights under the U.S. Constitutional. Plaintiff respectfully requests for an appeal in regard to the case at bar.

Date: 27 November 2018

Respectfully submitted,

*[signature]*

Phillip O'Briant

433 Drew Street

Baltimore, Maryland 21224

(443)314-2958

obriantphil@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 27th day of November 2018, the foregoing motion for appeal was mailed, U.S. postage pre-paid to:

Richard D. Bennett, U.S. District Judge

101 West Lombard Street

Chambers 5D

Baltimore, Maryland 21201

_____

Phillip O'Briant

433 Drew Street

Baltimore, Maryland 21224

(443)314-2958

obriantphil@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND



Ex. 2

IN RE: PHILLIP O'BRIANT MISC. NO. 18-720

\*\*\*\*\*\*

### ORDER

Since July of 2016, Phillip O'Briant, a resident of Baltimore, Maryland, has filed 20 separate civil actions.[1] All but 2 of these actions were filed during 2018. Almost all of O'Briant's claims seek relief against persons immune from lawsuit such as the members of the judiciary; concern his general grievances with regard to previously-litigated employment discrimination claims, as well as the agencies and counsel who have participated in those proceedings; and contain allegations against state employees and agencies emanating from confusion over child support payments. Additionally, he has sought mandamus relief to compel a member of this Court to rule in his favor.[2] In these actions, O'Briant often seeks relief to which he is not entitled after his previous actions for damages against various individuals and institutions have been dismissed; thus, many of the claims are duplicative in part.

On October 24, 2018, due to O'Briant's vexatious filings, this Court entered an order directing O'Briant to show cause why the Court should not impose a screening order as to his

---

[1] The majority of Plaintiff's cases have been dismissed *sua sponte* or prior to service of process on Defendants. *See O'Briant v. Atlas Container Corp.*, Civil Action No. JFM-16-2616 (D. Md.); *O'Briant v. Rhodes, et al.*, Civil Action No. JFM-17-1050 (D. Md.); *O'Briant v. Rhodes, et al.*, Civil Action No. RDB-18-855 (D. Md.); *O'Briant v. Schaeffer*, Civil Action No. GLR-18-1641 (D. Md.); *O'Briant v. Cox, et al.*, Civil Action No. ELH-18-2099 (D. Md.); *O'Briant v. Mayor, et al.*, Civil Action No. GLR-18-2614 (D. Md.); *O'Briant v. Howard County Office of Human Rights*, Civil Action No. TDC-18-2729 (D. Md.); *O'Briant v. Bana*, Civil Action No. GJH-18-2736 (D. Md.); *O'Briant v. Baltimore City Office of Child Support*, Civil Action No. ELH-18-2750 (D. Md.); *O'Briant v. Miller*, GLR-18-3252 (D. Md.); *O'Briant v. Hollander*, Civil Action No. JKB-18-3436 (D. Md.).

[2] *See O'Briant v. Hollander*, Civil Action No. JKB-18-3436 (D. Md.).

future filings. *In Re: Phillip O'Briant*, Misc. No. 18-00720 (D. Md.).[3] On November 5, 2018, the Court received O'Briant's response, which states generally that imposing a pre-filing injunction would deprive him of due process, and noting why, in his opinion, each of his lawsuits was filed in "good faith" and should not be deemed vexatious. ECF 2. O'Briant also states that this Court "has a conflict of interest" in considering this matter, that his complaints have not been frivolous and without merit, and that should a pre-filing injunction be entered against him, he will "exercise his right under the U.S. Constitution" to have the undersigned "impeached." *Id.* at 6.

While a court is only to impose a pre-filing injunction "sparingly," it may be warranted in doing so, under circumstances, such as present here, where a litigant continuously abuses the judicial process by filing meritless and repetitive actions. *Cromer v. Kraft Foods No. Am., Inc.*, 390 F.3d 812, 817-18 (4th Cir. 2004) (citation and internal quotation marks omitted). O'Briant's response to the show cause order offers no plausible excuse for the numerous frivolous complaints he has filed in this Court. Rather, his response is evidence of his intent to continue filing similar actions which have already wasted significant judicial resources in a misguided effort to strike out and file additional lawsuits naming every individual involved in his frequent (often frivolous) litigation whom he believes is responsible for his failure to recover in those actions.

Given O'Briant's history of vexatious and duplicative litigation, his lack of a good faith basis for pursuing the litigation by submitting a second lawsuit naming others, even after begin provided legal analysis pointing out the deficiencies in his original claims, the burden on the

---

[3] Since this Court signed the Show Cause Order, O'Briant has filed three additional cases, one of which has been dismissed as frivolous (*see O'Briant v. Hollander*, Civil Action No. JKB-18-3436 (D. Md.)), and two that remain pending until disposition of the instant action, to wit: *O'Briant v. Sarbanes*, Civil Action No. CCB-18-3217 (D. Md.) and *O'Briant v. Hogan, et al.*, Civil Action and. RDB-18-3270 (D. Md.).

2

Court in processing his pleadings, and there being no adequate alternative sanction, pre-filing screening of O'Briant's Complaints is warranted. *See Cromer*, 390 F. 3d at 818 (setting forth factors for determining whether pre-filing review system should be utilized).

Accordingly, it is this 13th day of November, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Clerk SHALL NOT ACCEPT for filing any further complaints or other papers submitted by Phillip O'Briant unless a United States District Judge of this Court determines that the Complaint or papers have a colorable basis in law and fact;

2. The Clerk SHALL RETURN to O'Briant, under judicial signature, all screened complaints or other papers he submits that are not accepted for filing; and

3. The Clerk SHALL DESTROY all screened complaints or other papers that O'Briant attempts to re-file in this Court after they have been returned to him.

                                                                           /s/
                                            RICHARD D. BENNETT
                                      UNITED STATES DISTRICT JUDGE





**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-2433

In re: PHILIP O'BRIANT,

        Petitioner - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:18-mc-00720)

Submitted: March 22, 2019          Decided: May 3, 2019

Before MOTZ, AGEE, and QUATTLEBAUM, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Phillip O'Briant, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip O'Briant appeals the district court's order imposing pre-filing screening for his complaints. We have reviewed the record and find no reversible error. Accordingly, we affirm, as modified, for the reasons stated by the district court. *See In re O'Briant*, No. 1:18-mc-00720 (D. Md. Nov. 13, 2018). We modify the district court's November 13, 2018 order only to include the following language:

> 2. The Clerk SHALL forward any further complaints or other papers submitted by Phillip O'Briant to a United States District Judge of this Court for a pre-filing screen as provided in Paragraph 1.

We grant O'Briant leave to proceed in forma pauperis but deny his petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*

UNITED STATES SUPREME COURT 

PHILLIP O'BRIANT,

Petitioner,

v.

ELLEN L. HOLLANDER, U.S. District Judge,

Respondent.

Case No. 1:18-cv-02457- ELH

## WRIT OF MANDAMUS

Petitioner Phillip O'Briant filed a motion for summary judgement with the U.S. District Court for Maryland, on 6 January 2019, requesting for the court to make a judgement based on the direct evidence showing that the defendants cannot refute the fact that they used racial discrimination in the hiring process against his person when they violated 42 U.S.C. 1981.

U.S. District Judge Ellen Lipton Hollander failed to render her decision within 60 days as required under the Maryland Constitution, Article IV, Section 23 which states that the Judges of the respective Circuit Courts of this State shall render their decisions, in all cases argued before them, or submitted for their judgement, within two months after the same shall have been so argued or submitted. (1980, ch. 523, ratified Nov. 4, 1980.) At the present, District Judge Hollander has not rendered her decision for the case at bar.

Thereby, petitioner requests for the U.S. Supreme Court Justice's to compel or order for District Judge Hollander of the U.S. District Court for Maryland, to render her decision for his summary judgement motion filed with the court on 6 January 2019, and stop depriving him of life, liberty or property, without due process of law. The 5th Amendment of the U.S. Constitution protects petitioner's clear legal right to due process of law.

Respondent Judge Hollander 'acting' with gross negligence and malicious intent violated petitioner's 5th Amendment right when she failed to render her decision within 60 days, after O'Briant filed the summary judgement motion with the court on 6 January 2019. Therefore, it is concluded that for respondent to abide by the law, -- her decision was supposed to be rendered before or on 6 March 2019. However, because she did not render her decision under the law in a timely manner, Judge Hollander has committed a wanton act, that has, obstructed justice which requires for urgent and immediate action from the U.S. Supreme Court.

Date: 1 May 2019

Respectfully submitted,

Date: 29 March 2019



SUPREME COURT OF THE UNITED STATES

To: Clerk Scott S. Harris; and Clerk Redmond K. Barnes-

On 28 March 2019, plaintiff Phillip O'Briant, received a letter dated 25 March 2019, from Supreme Court Clerk's Scott S. Harris; and Redmond K. Barnes, asserting that plaintiff's writ of certiorari was untimely filed because the petition was not postmarked from the U.S. Postal Service Office, and it was received on 5 March 2019.

Plaintiff does not agree with Clerk's Harris and Barnes, and can demonstrate with clear and convincing evidence that the writ of certiorari was filed within the 90-day time-period. Plaintiff filed two motions in the U.S.(2) writ of mandamus. Both motions are dated 23 February 2019.

Court Clerk's Harris and Barnes argue that the petition for writ of certiorari was due on 28 February 2019; and because it was not postmarked from the Post Office: the petition is late because it was received on 5 March 2019. The writ of certiorari filed on 23 February 2019, is direct evidence that it was timely filed within the 90-day time-period. Under the law, a plaintiff's allegations are assumed to be true. In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. Id. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Clerk's Harris and Barnes violated the law by failing to evaluate plaintiff's timely filed writ of certiorari as being filed on 23 February 2019. In addition to violating law and plaintiff's constitutional rights, Clerk's Harris and Barnes intentionally disregarded his motion for writ of mandamus that was also filed on 23 February 2019, and returned the motion back to plaintiff.

Court Clerk's Scott S. Harris; and Redmond K. Barnes, have denied plaintiff due process of law and equal protection of the laws, which violates the 5th & 14th Amendments of the U.S. Const.; 18 U.S. Code 241; and 18 U.S. Code 242.

18 U.S. Code $ 241 - Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or

RECEIVED
R -5 2019

because of his having so exercised the same; They shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S. Code § 242 - Deprivation of rights under color of law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both.

In conclusion, plaintiff is respectfully requesting for Supreme Court Clerk's Scott S. Harris; and Redmond K. Barnes, to file his timely filed writ of certiorari & the motion for writ of mandamus, in the U.S. Supreme Court, including back-dating each motion for date 23 February 2019. If Clerk's Harris and Barnes fail to fulfil their legal obligations under the law, plaintiff will file criminal charges, including civil actions pursuant to 42 U.S.C. Section 1983.

Regards,

*[signature]*

Phillip O'Briant

433 Drew Street

Baltimore, Maryland 21224

(443)314-2958

obriantphil@gmail.com

Phillip O'Briant
6209 Pilgrim Ro[ad]
Baltimore, Maryland

Nwama[...]
U.S. C[...]
Fourth
1100 E[...]
suite
Richm[ond]

   

ad

d 21214

RECEIVED
U.S. MARSHALS

ka Anowi, Clerk
urt of Appeals for
Circuit
ast Main Street
501
ond, Virginia 23219